## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JAVIER CARRILLO-CASTILLO,

    Petitioner,

    v.                                                          No. 2:26-cv-01518-SMD-GBW

MARKWAYNE MULLIN,[1] *et al.*,

    Respondents.

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Doc. 1. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

### BACKGROUND

Petitioner Javier Carrillo-Castillo, a citizen of Mexico, is currently in the custody of Immigration and Customs Enforcement ("ICE") at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 ¶¶ 1, 8. Petitioner first entered the United States without inspection over 24 years ago and has resided here since. *Id.* ¶ 1. Petitioner then began building a life; he obtained valid employment authorization, had three children who are all United States citizens with his wife, and filed for adjustment of status. *Id.* ¶¶ 42–45. Petitioner has no criminal history and no known history of failure to comply with immigration requirements. *Id.*

On February 10, 2026, ICE arrested Petitioner at his home in El Paso, Texas and placed him in detention. *Id.* ¶¶ 3–4. On April 29, 2026, Petitioner appeared before an immigration judge ("IJ") for a custody redetermination hearing. Doc. 6 at 2. The IJ concluded that it lacked

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the case caption shall be updated to reflect that Markwayne Mullin is the Secretary of Homeland Security. All future filings should be in the name of the substituted party.

jurisdiction to issue bond. Doc. 6, Ex. 1.  Petitioner then filed his petition, contending his continued detention violates his Fifth Amendment rights and entitles him to habeas relief.  Doc. 1 ¶¶ 49–71.

**DISCUSSION**

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2241(c)(3).

I.      Statutory Framework: 8 U.S.C. §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal.  *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018).  Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297.  Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted."  Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States."  *Jennings*, 583 U.S. at 303.  Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings.  *See id.* at 306.

Respondents take the position that Petitioner's request for habeas relief "is in effect seeking a review of the IJ's bond decision."  Doc. 6 at 2.  They further argue that Petitioner is "receiving all the process that is due to him under the constitution[.]"  *Id.* at 3.  The Court disagrees.

2

II.     The Government's Detention of Petitioner Violates His Fifth Amendment Rights.

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

"Due process requires that, whenever the Government detains somebody, it must have a

3

good reason for doing so.  If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'"  *Santillan Quiroz v. Mullin*, __ F. 4th __, 2026 WL 1876709, at *16 (10th Cir. June 30, 2026).  Despite Respondents' averments to the contrary, Petitioner has not received "all the process that is due to him under the constitution."  The IJ's bond decision was not a decision at all—it was a pro forma hearing where the court determined that lacked jurisdiction to issue bond.  *See* Doc. 6, Ex. 2.  And Respondents offer no explanation as to what purpose detention serves.  Instead, they summarily conclude that Petitioner has "no constitutional right to be released during the pendency of his immigration proceedings."  Doc. 6 at 2.  This argument not only falls short of a "strong special justification," but abandons the Government's Fifth Amendment obligations for the unfounded position that the Government may detain noncitizens indefinitely.  *Demore*, 538 U.S. at 527.

Thus, the Government has offered neither justification nor process for the deprivation of Petitioner's protected liberty interest.  There is no evidence that Petitioner is a flight risk (indeed he has a strong incentive to remain in the country since his three USC children and wife all reside here) nor a threat to the community.  The Government does not dispute these facts.  *See* Doc. 6. Nevertheless, the Government has held Petitioner in custody for approximately five months.  The Government has violated Petitioner's Fifth Amendment rights by keeping him detained indefinitely without sufficient process or any proffered explanation for what purpose detention serves.  *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("Detention pending deportation seems properly analogized to incarceration pending trial or other disposition of a criminal charge, and is, thus, justifiable only as a necessary, temporary measure.").  Petitioner is therefore entitled to habeas relief.

4

## CONCLUSION

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) Respondents shall release Petitioner within **48 hours** of this Order being entered;

3) Respondents shall facilitate Petitioner's transportation from the detention facility by notifying Petitioner's counsel when and where he can be collected, and by providing all necessary identity and travel documents to return to his primary address;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release.  This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements).  Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

6) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**IT IS SO ORDERED**.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**

5